Filed 6/26/23  P. v. Johnson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD PAUL JOHNSON,<br><br>    Defendant and Appellant. | A166601<br><br>(Mendocino County Super. Ct. Nos. 21CR01499 & 21CR00692) |

Defendant Edward Paul Johnson was charged in Mendocino County case number 21CR00692 with several drug charges.  (Health & Saf. Code, §§ 11351, 11359, subd. (b), 11391.[1])  He was also charged in Mendocino County case number 21CR01499 with possession of a controlled substance while armed with a loaded firearm (§ 11370.1, subd. (a)), possession of cocaine and fentanyl for sale (§ 11351), and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)).  He pled no contest to one count of possession of heroin for sale (§ 11351) in case number 21CR00692 and one count of possession of a controlled substance while armed with a firearm (§ 11370.1, subd. (a)) in case number 21CR01499.  In exchange, the remaining charges as well as another pending case were dismissed.  The trial

---

[1]     All further undesignated statutory references are to the Health and Safety Code.

1

court sentenced defendant to a term of three years for the section 11370.1, subdivision (a) count, plus a concurrent two-year term for the section 11351 count. In each case, the court imposed the $300 minimum restitution fine (Pen. Code, § 1202.4, subd. (b)) and imposed but stayed an equivalent parole revocation restitution fine (*id.*, § 1202.45).

The parties had stipulated to the preliminary hearing transcripts as the factual basis for the pleas. In short, the evidence at the preliminary hearing in case number 21CR00692 showed that police officers executing a search warrant of defendant's motel room found a large quantity of heroin, psilocybin mushrooms, marijuana, multiple digital scales, and a substance used as a "cutting agent" for methamphetamine. The police also searched a vehicle associated with defendant and found more psilocybin mushrooms. Based on various factors, such as the large quantity of substances found and the presence of scales and a cutting agent, the officer who testified at the preliminary hearing opined the drugs were possessed for sale.

Similarly, the evidence at the preliminary hearing in case number 21CR01499 showed that on a different occasion police searched defendant's motel room and found a loaded firearm, a large bag of fentanyl, two smaller bags of cocaine, and two digital scales. Though defendant denied knowledge of the firearm and large bag with fentanyl, he admitted that all of the items in the motel room belonged to him, including the two smaller bags containing cocaine. He also told the police that prior to their arrival, he was seated on the bed where the police subsequently found the large bag and firearm. Based on the weight of the drugs, the presence of scales, and packaging of the cocaine, the officer who testified at the preliminary hearing opined the drugs were possessed for sale.

Defendant filed a notice of appeal in both cases, checking boxes on the Judicial Council form indicating:  the appeal was based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea"; the appeal "challenges the validity of the plea or admission"; and there were "other" bases for the appeal.  Defendant requested a certificate of probable cause.  In full, defendant set forth the following when asked for the "reasonable constitutional, jurisdictional, or other grounds" pertaining to the legality of his pleas:  "1. Misrepresentations inducing the defendant to plead guilty.  [¶] 2. Ineffective assistance of counsel.  [¶] 3. Duress[.]"  The trial court denied the requested certificate.

Appellant's court-appointed counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The brief includes counsel's declaration stating that she informed defendant of her intent to file a *Wende* brief on his behalf, she would provide a copy of the brief to defendant, and she apprised defendant of his right to file a supplemental brief within 30 days.  More than two months have now elapsed, and defendant has not filed a supplemental brief.  Mindful that in the absence of a certificate of probable cause our review is limited to matters that do not affect the plea's validity (Cal. Rules of Court, rule 8.304(b)(1)–(3)), we have found no reasonably arguable appellate issue.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

_____
Fujisaki, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Petrou, J.


*People v. Johnson* (A166601)